UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VENKATA RAJU, et al., | : | |
| | : | Civil Action No. 07-3743 (PGS) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| 315 WILLOW AVENUE | : | |
| CONDOMINIUM | : | |
| ASSOCIATION, et al., | : | **REPORT AND RECOMMENDATION** |
| | : | |
| | : | |
| Defendants. | : | |

**SALAS, United States Magistrate Judge,**

## I.   INTRODUCTION

Pending before this Court is Venkata Raju's and Chanti, LLC's (collectively, "Plaintiffs") motion to remand (Docket Entry # 5).  Pursuant to Local Civil Rule 72.1(a)(2), The Honorable Peter G. Sheridan, United States District Judge, has referred this motion to the undersigned for report and recommendation.  For the reasons set forth below, the undersigned recommends granting the motion to remand.

## II.   BACKGROUND

On May 29, 2007, Plaintiffs filed a Complaint in the Superior Court of New Jersey, Law Division, Hudson County, that alleged violations of state and federal law.  Defendants were served on different dates – Bermeo Property Management Corporation ("Bermeo") on July 5, 2007 and Douglas Amster ("Amster") and 315 Willow Avenue Condominium Association ("315

Willow") on July 16, 2007.  On August 8, 2007, within the 30-day period allotted by 28 U.S.C. § 1446(b), Defendant Amster filed a notice of removal premised on federal question jurisdiction. Then, on August 16, 2007, Plaintiffs filed the instant motion to remand.[1]

Plaintiffs ask this Court to remand the case to the Superior Court of New Jersey due to procedural and substantive defects in Amster's removal notice.  Procedurally, Plaintiffs argue that Amster violated 28 U.S.C. § 1446(a)'s rule of unanimity by filing for removal without the unanimous consent of the remaining defendants.  Substantively, Plaintiffs allege that the federal claims in the Complaint, upon which removal is based, are not separate and independent from the state-law claims.

## III.    DISCUSSION

On a motion to remand, the party asserting jurisdiction (the removing party) bears the burden of establishing that the action is properly before the Court.  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).  Moreover, as federal courts are of limited jurisdiction, removal statutes should be construed strictly against removal, with all doubts resolved in favor of remand.  *Id*.; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

The rule of unanimity requires that "when there is more than one defendant, all must join in the removal petition."  *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985); *see also Gableman*

---

[1] Pursuant to 28 U.S.C. § 1447(c), Plaintiffs must file a motion to remand within 30 days of filing of the notice of removal, if the basis for remand is an alleged defect in the removal process.  Here, Plaintiffs filed their remand motion 8 days after the removal notice, thus easily meeting the statutory requirement.

*v. Peoria, Decatur and Evansville Railway Co.*, 179 U.S. 335, 337 (1900); *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995). "[T]he failure of all defendants to remove creates a defect in removal procedure within the meaning of § 1447(c)." *Balazik*, 44 F.3d at 213.

Amster's August 8, 2007 notice of removal contained nary a mention of the other two defendants. Neither Bermeo nor 315 Willow gave written or oral notice of consent to removal. Rather, Amster filed the petition as an individual defendant – and by doing so, he committed a clear a violation of 28 U.S.C. § 1447(c).

Amster does not contest this alleged procedural violation. Rather, he attempts to cure it by attaching two written "Consents of Removal" – for each of the remaining defendants – to his opposition brief. Each consent, filed on August 24, 20007 (the same date as the filing of the opposition brief) states unambiguously that the defendant in question consents to Amster's notice of removal. Having attached these written consents, Amster states simply that "the alleged procedural defect in the Removal . . . has been cured.," (Opp. Br. at 3), and he then proceeds to argue the substantive bases for removal.

This Court, however, is not satisfied that the August 24, 2007 consents to removal satisfy the alleged procedural deficiency. Given that Bormeo was served on July 5, 2007, and 315 Willow on July 16, 2007, both consents were filed more than 30 days after service, in violation of 28 U.S.C. § 1446(b)'s 30-day rule. Thus, unless Amster and the remaining Defendants can invoke an exception, either to the rule of unanimity with regard to the initially-filed removal petition, or to the 30-day rule with regard to the later-filed consents, this Court must grant the instant motion to remand.

Amster cites no authority allowing for an exception to the rule of unanimity and in fact

implicitly acknowledges the procedural deficiency in the originally-filed notice of removal.[2]

However, he cites one case – *Wal-Mart Stores, Inc. v. Electric Insurance Co.*, No. 06-3132, 2007

U.S. Dist. LEXIS 3572 (D.N.J. Jan. 18, 2007) – in support of his contention that the consents

filed on August 24, 2007, cured his defective petition for removal.  In *Wal-Mart*, the three

Defendants (GE, EIC, and Neshaminy) timely consented to GE's notice of removal, EIC via

written consent and Neshaminy via oral consent.  *Id*. at *3-4.  The initial issue for the Court was

whether or not Neshaminy's oral consent was proper or whether it should have provided that

consent in writing.  *Id*.  The Court, noting the well-settled unanimity rule, found that only written

consent could properly satisfy the procedural requirements of the removal statute.  *Id*. at *5.

Having found oral consent, therefore, to be improper, the Court next addressed the question of

whether or not to allow Defendants to cure the procedural deficiency by filing a written consent

outside of the 30-day statutory period.  *Id*. at *11.  Given the fact that little guidance existed as to

the propriety of oral consent and the fact that the Court had already invested significant time and

effort in the case, the Court found that remanding the case would not serve the interests of justice

or judicial economy and therefore it allowed an out-of-time written consent to be filed.  *Id*. at

*13-14.

　　　　This case presents none of the *Wal-Mart* facts.  Here, Defendant Amster made no effort to

secure consent of his co-defendants prior to filing his notice of removal.  The law on unanimity,

unlike the issue of written versus oral consent, is clear, and the *Wal-Mart* court acknowledged as

---

[2] The unanimity rule does not apply where 1) a non-consenting defendant is an unknown or nominal party or 2) where a defendant has been fraudulently joined.  *Balazik*, 44 F.3d at 213 n.4.  Amster does not allege either of these exceptions, however, and the facts do not indicate that either would apply.

-4-

much.  Thus, Amster was well aware of the fact that filing a notice of removal without the consent of all defendants was procedurally defective.  Moreover, this case is still in its infancy, as the Court has yet to invest any amount time in scheduling or managing the litigation. Given the above facts and the clear law construing removal statutes strictly against remand, this Court cannot overlook Amster's procedurally-deficient notice of removal and finds the August 24, 2007 consents to removal to be filed out of time.[3]

## IV.   CONCLUSION

Based upon the above analysis, this Court agrees with Plaintiffs and recommends **GRANTING** the motion to remand.  Because this Court finds remand to be warranted under the procedural prong of the removal analysis, it declines to address the substantive arguments on federal question jurisdiction.

Pursuant to Local Civil Rule 72.1, the parties have ten days from receipt of this Report and Recommendation to file and serve any objections.

---

[3] When multiple defendants are served at different times, as in this case, the question arises as to the triggering of the statutory 30-day removal period.  Some circuits follow the first-served rule, which triggers the 30-day period upon service of the first defendant, while others follow the last-served rule, in which defendants whose own removal periods have expired can consent to a later-served Defendant's removal notice.  The Third Circuit has yet to weigh in on the question.  *See Cmiech v. Electrolux Home Products, Inc.*, No 07-1495, 2007 WL 3256864 at *4-5 (M.D. Pa. Nov. 2, 2007) (discussing the first-served, last-served, and intermediate rule as applied by different circuits).  In this case, however, the choice of what rule to apply does not change the outcome.  Even applying the most-liberal last-served rule, Bormeo would have had to file its consent by August 16, 2007, one month after the other two defendants were served.  Both Bormeo and 315 Willow filed consents on August 24, however, eight days past the August 16, 2007 cutoff date.  Thus, this Court leaves for another day the question of first-served versus last-served and finds that application of either rule leads to the same outcome in this case.

**SO ORDERED.**

s/ Esther Salas

**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**